UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUAN RAMOS and SANTA MUNOZ,
*individually and on behalf of others similarly situated,*

                *Plaintiffs,,*

-against-

EL VALLE 3452 RESTAURANT INC., VICTORIA MARINE, and
JOSE GUERRA, and JOSE LUIS DIAZ,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF CASE**

Plaintiffs Names ("Plaintiff JUAN RAMOS " and "SANTA MUNOZ"), individually and on behalf of others similarly situated, by and through her attorney, Bart Mayol, Esq., upon his/her knowledge and belief, and as against "EL VALLE 3452 RESTAURANT INC" (d/b/a "EL VALLE 3452 RESTAURANT INC"), VICTORIA MARINE, JOSE GUERRA and JOSE LUIS DIAZ, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiffs JUAN RAMOS AND SANTA MUNOZ are former employees of Defendants (d/b/a EL VALLE 3452 RESTAURANT INC), VICTORIA MARINE, JOSE GUERRA and JOSE LUIS DIAZ.
2. Defendants own, operate, or control a 'RESTAURANT', located at '3452 BOSTON ROAD, BRONX, NY 10469' under the name "EL VALLE 3452 RESTAURANT INC".
3. Upon information and belief, individual Defendants VICTORIA MARINE, JOSE GUERRA and JOSE LUIS DIAZ, serve or served as owners, managers, principals, or agents of Defendant Corporation EL VALLE 3452 RESTAURANT INC., and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.
4. Plaintiffs JUAN RAMOS and SANTA MUNOZ were employed as 'managers' at the restaurant located at '3452 BOSTON ROAD, BRONX, NY 10469'.

5. Plaintiffs JUAN RAMOS and SANTA MUNOZ were ostensibly employed as 'managers'. However, they was required to spend a considerable part of their workday performing non-tipped duties, including but not limited to placing orders, answering the phone, packing up food orders, working as a cashier, making meals, removing food from the counters, washing dishes and utensils, cutting vegetables and waiting on customers (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiffs JUAN RAMOS and SANTA MUNOZ worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs JUAN RAMOS and SANTA MUNOZ appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

8. Defendants employed and accounted for Plaintiffs JUAN RAMOS as a 'WAITER/MANAGER' on their payroll, but in actuality their duties required a significant amount of time spent performing the non- tipped duties alleged above.

9. Regardless, at all relevant times, Defendants paid Plaintiffs JUAN RAMOS and SANTA MUNOZ at a rate that was lower than the required tip-credit rate.

10. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs JUAN RAMOS and SANTA MUNOZ non-tipped duties exceeded 20% of each workday, or 8 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs JUAN RAMOS and SANTA MUNOZ actual duties in payroll records by designating them as waiters instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiffs JUAN RAMOS and SANTA MUNOZ at the minimum wage rate and enabled them to pay them at the tip-credit rate (which they still failed to do).

12. Defendants' conduct extended beyond Plaintiffs JUAN RAMOS and SANTA MUNOZ to all other similarly situated employees.

13. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs JUAN RAMOS and SANTA MUNOZ and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14. Plaintiffs JUAN RAMOS and SANTA MUNOZ now brings this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law§§ ] 90 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15. Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(6).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs JUAN RAMOS' and SANTA MUNOZ' state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 139l(b) and (c) because all, or a substantial portion of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operated a "RESTAURANT" located in this district. Further, Plaintiffs JUAN RAMOS and SANTA MUNOZ were employed by Defendants in this district.

## PARTIES
*PLAINTIFFS – JUAN RAMOS and SANTA MUNOZ*

18. Plaintiffs Names ("Plaintiffs JUAN RAMOS" and "SANTA MUNOZ") are adults individually residing in Bronx County, New York.

19. Plaintiffs were employed by Defendants at " EL VALLE 3452 RESTAURANT INC" from approximately DATE FEBRUARY 6, 2019 until on or about DATE FEBRUARY 4, 2020.

20. Plaintiffs JUAN RAMOS and SANTA MUNOZ consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative patty of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*
*VICTORIA MARINE, JOSE LUIS DIAZ, JOSE GUERRA, EL VALLE 3452 RESTAURANT INC.*

21. At all relevant times, Defendants owned, operated, or controlled a 'RESTAURANT', located at '3452 BOSTON ROAD, BRONX, NY 10469' under the name "EL VALLE 3452 RESTAURANT INC."

22. Upon information and belief, EL VALLE 3452 RESTAURANT INC (d/b/a "EL VALLE 3452 RESTAURANT INC") is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at '3452 BOSTON ROAD, BRONX, NY 10469'.

23. Defendant OWNERS are both individuals engaging (or who were engaged) in business in this judicial district during the relevant time period. Defendant OWNERS are sued individually in their capacity as owners, officers and/or agents of Defendant Corporation EL VALLE 3452 RESTAURANT INC. Defendants, VICTORIA MARINE, JOSE GUERRA , and JUAN LUIS DIAZ, EACH possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and both control significant functions of Defendant Corporation. Each defendant determined the wages and compensation of the employees of Defendants, including Plaintiffs JUAN RAMOS AND SANTA MUNOZ, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant OWNERS/MANAGERS/PARTNERS are individuals engaging (or who were engaged) in business in this judicial district during the relevant time period. Defendant OWNERS/MANAGERS/PARTNERS are sued individually in each of their capacity as owners/managers/partners of Defendant Corporation. Defendant OWNERS/MANAGERS/PARTNERS possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. Defendants determine the wages and compensation of the employees of Defendants, including Plaintiffs JUAN RAMOS and SANTA MUNOZ, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25. Defendants operate a "RESTAURANT" located in the City of Bronx, New York State.

26. Individual Defendants, VICTORIA MARINE, JOSE GUERRA and JUAN LUIS DIAZ, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.
28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.
29. Each Defendant possessed substantial control over Plaintiff RAMOS and MUNOZ's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs RAMOS and MUNOZ, and all similarly situated individuals, referred to herein.
30. Defendants jointly employed Plaintiffs RAMOS and MUNOZ (and all similarly situated employees) and are Plaintiff RAMOS and MUNOZ's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.
31. In the alternative, all Defendants constitute a single employer of Plaintiffs RAMOS and MUNOZ and/or similarly situated individuals.
32. Upon information and belief, Individual Defendants VICTORIA MARINE, JOSE GUERRA and JUAN LUIS DIAZ., operate Defendant Corporation as either an alter ego of THEMSELVES and/or EACH failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:
    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,
    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,
    c) transferring assets and debts freely as between all Defendants,
    d) operating Defendant Corporation for their own benefit as both equally sole or equal majority shareholders.
    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,
    f) intermingling assets and debts of their own with Defendant Corporation,
    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his/her own interests, and
    h) Other actions evincing a failure to adhere to the corporate form.
33. At all relevant times, both Defendants were Plaintiffs RAMOS and MUNOZ's employers within the meaning of the FLSA and New York Labor Law. Both Defendants had the power to hire and fire Plaintiffs RAMOS and MUNOZ, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs RAMOS and Munoz's services.

34. In each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).
35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs – RAMOS and MUNOZ*

36. Plaintiffs RAMOS and MUNOZ are former employees of the Defendants who ostensibly were employed as a 'waiters/workers/manager'. However, they spent over 20% of each shift performing the non-tipped duties described above.
37. Plaintiffs RAMOS and MUNOZ seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiffs –RAMOS and MUNOZ*

38. Plaintiffs RAMOS and MUNOZ were employed by the Defendants from approximately FEBRUARY 9, 2019 until on or about FEBRUARY 4, 2020.
39. Defendants ostensibly employed Plaintiffs RAMOS and MUNOZ as a 'WAITER/WORKER/MANAGER'.
40. However, Plaintiffs RAMOS and MUNOZ were also required to spend a significant portion of their workday performing the non-tipped duties described above.
41. Although Plaintiffs RAMOS and MUNOZ ostensibly were employed as a 'restaurant waiter/manager', they spent over 20% of each day performing non-tipped work throughout their employment with the Defendants.
42. Plaintiffs RAMOS and MUNOZ regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.
43. Plaintiffs RAMOS and MUNOZ's work duties required neither discretion nor independent judgment.
44. Throughout their employment with both Defendants, Plaintiffs RAMOS and MUNOZ regularly worked in excess of 40 hours per week.
45. From approximately FEBRUARY 9, 2019 until on or about FEBRUARY 4, 2020, Plaintiffs RAMOS and MUNOZ worked from approximately 7:00 a.m. until on or about 11:30 p.m., Mondays through Sundays, (typically 120 hours per week).

46. Throughout their employment, all Defendants paid Plaintiffs RAMOS and MUNOZ wages of $450 in cash.
47. From approximately FEBRUARY 9, 2019 until on or about FEBRUARY 4, 2020, Defendants paid Plaintiffs a fixed salary of $450.00 per week in cash.
48. Plaintiff's pay did not vary even when each was required to stay later or work a longer day than their usual schedule.
49. For example, Defendants required Plaintiffs to work an additional 30 minutes past their scheduled departure time seven days a week and did not pay them for the additional time worked.
50. Defendants never granted Plaintiffs any breaks or meal periods of any kind.
51. Plaintiffs RAMOS and MUNOZ were never notified by the Defendants that tips were being included as an offset for wages.
52. Defendants did not account for these tips in any daily or weekly accounting of Plaintiffs wages.
53. Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected actual hours worked..
54. No notification, either in the form of posted notices or other means, were ever given to Plaintiffs RAMOS and MUNOZ regarding overtime and wages under the FLSA and NYLL.
55. Defendants did not provide Plaintiffs an accurate statement of wages, as required by NYLL 195(3).
56. Defendants did not give any notice to Plaintiffs RAMOS and MUNOZ, in English and in Spanish (Plaintiffs primary language), of their rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57. At all times relevant to this Complaint, all Defendants maintained a policy and practice of requiring Plaintiffs RAMOS and MUNOZ (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.
58. Plaintiffs RAMOS and MUNOZ were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, inter alia, not paying him/her the wages each was owed for the hours worked.

59. Defendants' pay practices resulted in Plaintiffs RAMOS and MUNOZ not receiving payment for all his hours worked and resulted in Plaintiffs RAMOS and MUNOZ's effective rate of pay falling below the required minimum wage rate.
60. Defendants habitually required Plaintiffs RAMOS and MUOZ to work additional hours beyond their regular shifts but did not provide them with any additional compensation.
61. Defendants required Plaintiffs RAMOS and MUNOZ and all other employees to perform general non-tipped tasks in addition to their primary duties as waiters/managers.
62. Plaintiffs RAMOS and MUNOZ and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.
63. Plaintiffs RAMOS and MUNOZ's duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.
64. Plaintiffs RAMOS and MUNOZ and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.
65. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs RAMOS and MUNOZ's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).
66. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.
67. In violation of federal and state law as codified above, Defendants classified Plaintiffs RAMOS and MUNOZ' and other tipped workers as tipped employees and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.
68. Defendants failed to inform Plaintiffs RAMOS and MUNOZ who received tips that Defendants intended to take a deduction against Plaintiffs RAMOS and MUNOZ's earned wages for tip income, as required by the NYLL before any deduction may be taken.

69. Defendants failed to inform Plaintiffs RAMOS and MUNOZ who received tips, that their tips were being credited towards the payment of the minimum wage.
70. Defendants failed to maintain a record of tips earned by Plaintiffs RAMOS and MUNOZ who worked as waiter/MANAGER for the tips, they received.
71. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.
72. Defendants paid Plaintiffs their wages in cash.
73. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.
74. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs RAMOS and MUNOZ (and similarly situated individuals) worked, and to avoid paying Plaintiffs RAMOS and MUNOZ properly for their full hours worked.
75. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.
76. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs RAMOS and MUNOZ and other similarly situated former workers.
77. Defendants failed to provide Plaintiffs RAMOS and MUNOZ and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).
78. Defendants failed to provide Plaintiffs RAMOS and MUNOZ and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and Spanish and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79. Plaintiffs RAMOS and MUNOZ bring This FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").
80. At all relevant times, Plaintiffs RAMOS and MUOZ and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.
81. The claims of Plaintiffs RAMOS and MUNOZ stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

82. Plaintiffs RAMOS and MUNOZ repeats and realleges all paragraphs above as though fully set forth herein.
83. At all times relevant to this action, Defendants were Plaintiffs RAMOS and MUNOZ's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.
84. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.
85. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).
86. Defendants failed to pay Plaintiffs RAMOS and MUNOZ (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87. Defendants' failure to pay Plaintiffs RAMOS and MUNOZ (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).
88. Plaintiffs RAMOS and MUNOZ (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

89. Plaintiffs RAMOS and MUNOZ repeats and realleges all paragraphs above as though fully set forth herein.
90. Defendants, in violation of 29 U.S.C. § 207(a)(l), failed to pay Plaintiffs RAMOS and MUNOZ (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.
91. Defendants' failure to pay Plaintiffs RAMOS and MUNOZ (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).
92. Plaintiffs RAMOS and MUNOZ (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

93. Plaintiffs RAMOS and MUNOZ repeats and realleges all paragraphs above as though fully set forth herein.
94. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law§ 2 and §651. Defendants had the power to hire and fire Plaintiffs RAMOS and MUNOZ, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.
95. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.
96. Defendants' failure to pay Plaintiffs RAMOS and MUNOZ the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.
97. Plaintiffs RAMOS and MUNOZ was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

98. Plaintiffs RAMOS and MUNOZ repeats and realleges all paragraphs above as though fully set forth herein.
99. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs RAMOS and MUNOZ overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.
100. Defendants' failure to pay Plaintiffs RAMOS and MUNOZ overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.
101. Plaintiffs RAMOS and MUNOZ were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

102. Plaintiffs RAMOS and MUNOZ repeat and reallege all paragraphs above as though fully set forth herein.
103. Defendants failed to provide Plaintiffs RAMOS and MUNOZ with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).
104. Defendants are liable to Plaintiffs RAMOS and MUNOZ in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

105. Plaintiffs RAMOS and MUOZ repeats and realleges all paragraphs above as though fully set forth herein.

106. With each payment of wages, Defendants failed to provide Plaintiffs RAMOS and MUNOZ with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

107. Defendants are liable to Plaintiffs RAMOS and MUNOZ in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW

108. Plaintiffs RAMOS and MUNOZ repeats and realleges all paragraphs above as though set forth fully herein.

109. At all relevant times, Defendants were Plaintiffs RAMOS and MUNOZ's employers within the meaning of the N.Y. Lab. Law§ 2 and § 651.

110. Defendants made unlawful deductions from Plaintiffs RAMOS and MUNOZ's wages; specifically, Defendants deducted $100.00 dollars on one occasion from Plaintiff's weekly wages for money missing from the cash register.

111. The deductions made from Plaintiffs RAMOS and MUNOZ's wages were not authorized or required by law.

112. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs RAMOS and MUNOZ's wages, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and supporting New York State regulations.

113. Plaintiffs RAMOS and MUNOZ were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RAMOS and MUNOZ respectfully requests that this Court enter judgment against Defendants by:

a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(6) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

b. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs RAMOS and MUNOZ and the FLSA Class members;

c. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs RAMOS and MUNOZ and the FLSA Class members;

d. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs RAMOS and MUNOZ's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

e. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs RAMOS and MUNOZ and the FLSA Class members;

f. Awarding Plaintiffs RAMOS and MUNOZ and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

g. Awarding Plaintiffs RAMOS and MUNOZ and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

h. Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs RAMOS and MUNOZ;

i. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs RAMOS and MUNOZ;

j. Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs RAMOS and MUNOZ's compensation, hours, wages and any deductions or credits taken against wages;

k. Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs RAMOS and MUNOZ;

l. Awarding Plaintiffs RAMOS and MUOZ damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

m. Awarding Plaintiffs RAMOS and MUNOZ damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL sections 198(1-b), 198 (1-d);

n. Awarding Plaintiffs RAMOS and MUNOZ liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL section 663 as applicable; and liquidated damages pursuant to NYLL Section 198(3);

o. Awarding Plaintiffs RAMOS and MUNOZ and the FLSA Class members pre-judgment and post-judgment Interest as applicable;

p. Awarding Plaintiffs RAMOS and MUNOZ and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

q. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal in then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL section 198(4); and

r. All such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs RAMOS and MUNOZ demands a trial by jury on all issues triable by a jury.

Dated: May 4, 2021

Bart Mayol, Esq
930 Grand Concourse, Suite 1A
Bronx, New York 10451
(718) 933-3633
bmayol@yahoo.com

Additional Mailings:

Jose Luis Diaz  
2780 University Avenue, Apt. 5C  
Bronx, NY 10468  

Jose Luis Diaz  
20 Burnside Avenue  
Bronx, NY 10468  

Jose Luis Diaz  
136 Burns Avenue  
Lodi, NJ 07644  

Victoria Marine  
2780 University Avenue, Apt. 5C  
Bronx, NY 10468  

Victoria Marine  
20 Burnside Avenue  
Bronx, NY 10468  

Victoria Marine  
136 Burns Avenue  
Lodi, NJ 07644  

Jose Guerra  
400 Main Street  
Poughkeepsie, NY 12601

To: Clerk of the Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: ___SANTA MUNOZ_____

Legal Representatve: ___Bart Mayol, Esq._____

Signature: *Santa Munoz*

Date: ___April 23, 2021_____

SWORN TO BEFORE ME
THIS 23rd DAY OF APRIL 2021
*Bart Mayol*

BART MAYOL
Notary Public, State of New York
No. 02MA6304987
Qualified in Bronx County
Commission Expires June 2, 20__

To: Clerk of the Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: ___JUAN RAMOS_____

Legal Representatve: ___Bart Mayol, Esq.___

Signature: _____

Date: ___April 23, 2021_____

SWORN TO BEFORE ME
THIS 23RD DAY OF APRIL 2021

*Bart Mayol*

BART MAYOL
Notary Public, State of New York
No. 02MA6304987
Qualified in Bronx County
Commission Expires June 2, 20 22